By the Court, Bronson, J.
The endorsers, Corey and Livermore, lent their names to Borst, the maker, for the purpose of- giving him credit, and he was at liberty to negotiate the note in any way he thought proper. Borst says, he got them to endorse it for the purpose of enabling him to get it discounted at the Albany City Bank, to raise money to buy barley. But it does not appear that the endorsers had any interest in having it discounted by the Albany City Bank, or that the use which Borst should make of the money was in any way important to them. They merely asked Borst what he was going to do with the money, and he told them he was going to purchase barley with it. If *515 the note had been made for the purpose of taking up another note in the Albany City Bank, to which the endorsers were parties, it would have presented a different question. But here, although the endorsers had the curiosity to enquire what use the maker designed to make of the note, they had no interest in the question; and, so far as appears, they would just as readily have lent their names if the maker had told, them he wished to take up his notes in the plaintiffs’ bank—the use which he afterwards made of the paper. Within the proper legal sensé of the term, there has been no diversion of the note from the purpose for which it was made and endorsed. The endorsers lent their names for the purpose of giving the maker credit generally, and without any concern.with the use which should be made of that credit.
But if .there had been a diversion of the note from its proper use, the plaintiffs would still be entitled to recover. They not only took the note in payment of two other notes which they then held against Borst endorsed by Yoorhees, but they gave up those securities. They also gave up, of course, the suit which had been commenced and was then pending on the two notes. This is a stronger case than that of the Bank of Salina v. Babcock, (21 Wend. 499.) There have been several other' decisions to the same effect, which are not yet published.(a) It is not denied that the plaintiffs are bona fide holders of the paper, and it is equally clear that they paid a valuable consideration for it.
New trial denied.

 See Bank of Sandusky v. Scoville, (24 Wend. 115.)