WILLIAM BLANCHARD & another *vs.* NATHANIEL STEVENS.

The indorsee of a negotiable promissory note, to whom the same is transferred by the maker in payment of a preëxisting debt, is entitled to enforce payment of the same against the indorser, irrespective of the equities existing between the original parties.

THIS was an action of assumpsit against the defendant, as the indorser of two promissory notes; one dated October 27th, 1840, for $2600, and the other dated December 16th, 1840, for $1450; payable, respectively, in three months, and signed by P. & B. S. Hale, as promisors.

At the trial, which was before *Wilde,* J., the execution and indorsement of both notes, and the demand and notice thereon, being duly proved, the defendant introduced evidence tending to show, that he was induced to indorse these and other notes of the Hales, by their representations that the same were to be used for the purpose of raising money to pay for wheat purchased or to be purchased by them in the western states.

It was in evidence, also, that the Hales applied for the benefit of the insolvent law, on the 29th of December, 1840; and that a warrant was issued accordingly on that day, the proceedings under which had not then been completed.

The defendant called a witness, who testified, that in January, 1841, after the insolvency of the Hales, he went to the counting-room of the plaintiffs, to ascertain the consideration of the notes in question; that the plaintiffs showed him their book, a ledger, as he thought; that in this book, there was

Blanchard & another v. Stevens.

no distinct credit side, but the debits were added up from time to time, the credits deducted from the amount, and the balance, if any, carried forward; that the debits consisted of charges for corn and bags; that, according to his recollection, these notes did not accompany a sale, but were deducted from debits as above stated; and that, according to his recollection, though he would not be certain, there was a balance, after including an interest account, in favor of the Hales, to the amount of $15.

The defendant contended, on this evidence, that the indorsements of the notes in question were obtained from him on a representation, that the same were to be used for the purpose above mentioned, and were therefore fraudulently obtained, which would be a good defence as against the Hales, and the court inclined to this opinion.*

The defendant also contended, that as there was no evidence in the case to show, that the plaintiffs had received the notes in payment of, or as security for, a preëxisting debt, the plaintiffs were not *bona fide* purchasers or holders in the ordinary course of business; and that the defendant was therefore entitled to the same defence against the notes in the hands of the plaintiffs, as if the suit had been brought by the Hales.

The judge being inclined to the opinion, that the plaintiffs were entitled to recover, the case was withdrawn from the jury, by consent, and reported for the consideration of the whole court. If the plaintiffs, upon the facts stated, are entitled to recover, the defendant is to be defaulted, and judgment entered in favor of the plaintiffs, for the amount of the notes with interest, deducting the amount of the dividends received thereon by the plaintiffs from the estate of the insolvents; otherwise, a new trial is to be ordered.

*S. Bartlett,* for the plaintiff.

---

* The report is so drawn up. But there is evidently a mistake in the manner of stating the point. The Hales, being the makers of the notes, could bring no action on them. The point is stated, as if the defendant had been the maker and the Hales the promisees and indorsers. -

1. The indorsee of a promissory note, received in payment of a preëxisting debt, is not subject, in an action against the indorser, to a defence founded on the equities subsisting between the original parties. The cases on this subject are collected in 1 Am. Lead. Cases, 191, and the precise point is decided in *Swift* v. *Tyson*, 16 Pet. 1.

The distinction, between the taking of such a note as collateral security, and in payment, even under the New York cases, seems decisive. These cases are to be examined with reference to the rule established in that state, that the giving of a promissory note, unless the same be paid, does not extinguish the debt ; the converse of which rule is the legal presumption in this state.

2. The plaintiffs also suggest, that, although the indorsement was for the accommodation of the holders, and so they could not, in any event, maintain a suit thereon against the indorser ; yet the use by the promisors, for the purpose of paying one preëxisting debt, of a note, the indorsement of which was procured upon a representation, that the proceeds were to be applied to pay another preëxisting debt, is not a fraud on the indorser, unless it appear, that his interests are affected by the misapplication.

*R. Choate,* for the defendant, referred to the following cases, as decisive against the plaintiffs : *Coddington* v. *Bay,* 20 Johns. 637 ; *Bay* v. *Coddington,* 5 Johns. Ch. 54 ; *Rosa* v. *Brotherson,* 10 Wend. 85 ; *Ontario Bank* v. *Worthington,* 12 Wend. 593 ; *Payne* v. *Cutler,* 13 Wend. 605 ; *Stalker* v. *M'Donald,* 6 Hill, 93. The distinction is between cases, where a note is taken "*for* a preëxisting debt," that is, in payment of it, (as was the case in *Swift* v. *Tyson,* 16 Pet. 1 ; *Coolidge* v. *Payson,* 2 Wheat. 66 ; and *Townsley* v. *Sumrall,* 2 Pet. 170,) and cases where it is taken to be applied when collected ; not absolutely in payment, but only as security. In the former, the indorsee may maintain an action ; in the latter, he cannot. This distinction reconciles all the New York cases, and all the other decisions which are of any authority. See also *Smith* v. *De Witts,* 6 Dowl. & R.

120 ; *De la Chaumette* v. *Bank of England,* 9 Barn. & Cr. 209.

Cases, where advances made subsequently to the receipt of security may be supposed to have been made in consideration of a reliance on it, and upon an express or implied agreement at the time of taking the security, stand also upon a plain distinction from the case at bar, in which nothing was advanced or sold after the security was taken. This is an answer to the case of *Bosanquet* v. *Dudman,* 1 Stark. R. 1.

The distinction between the law of this state and of New York, as to the presumption of payment by a promissory note, is not important ; for, in the case at bar, the notes were not taken in payment ; and the presumption of payment, therefore, by our law, is repelled by the facts.

The suggestion of the plaintiffs, that the use made of the notes was no fraud on the defendant, unless prejudicial to his interests, must be considered as answered by the report ; the ruling of the court assumes the existence of the fraud ; and, if controverted, there should be an inquiry by a jury.

DEWEY, J. There is some obscurity on the face of the report of this case, and instructions are asked and given upon a supposed state of facts, which could not have existed ; inasmuch as the Hales could not have been the plaintiffs in a suit upon these notes, they being the makers, and the defendant being their accommodation indorser.

We understand, however, that the real question intended to be presented is, whether the plaintiffs, having received these notes either in payment of, or as collateral security for, a precedent debt, must take them subject to all the equities existing between the original parties. It is insisted by the defendant, that, in fact, the notes were not received in payment, but as collateral security ; but that, in either event, the ground of defence suggested is open to them.

The general question above stated has often been a subject of discussion, both in the state tribunals, and in those of the United States ; and, to some extent, there has doubtless been

a diversity of opinion. In this commonwealth, the question has been before us at different times, and our opinions became pretty well settled, at a period when there was much less authoritative sanction for them than there is now.

It is not proposed to pass in review all the various adjudications upon this subject, but I will briefly refer to a few of the leading cases. The case of *Swift* v. *Tyson*, 16 Pet. 1, furnishes a full reference by Mr. Justice Story to all the decisions, and presents his view of the early English doctrines upon the subject, beginning with *Pillans* v. *Van Mierop*, 2 Burr. 1663, and continued down to the case of *Percival* v. *Frampton*, 2 Cromp. Mees. & Ros. 180. Judge Story insists, that the whole current of English authorities is in accordance with the decision of the supreme court of the United States, in the case of *Swift* v. *Tyson*. He admits, that, to a certain extent, the courts of New York have taken a different view of this question ; but he confidently anticipates, from the qualifications and exceptions introduced and recognized in the cases of *Bank of Salina* v. *Babcock*, 21 Wend. 499, and *Bank of Sandusky* v. *Scoville*, 24 Wend. 115, that the courts of New York would soon be found to give their sanction to the principles of the case of *Swift* v. *Tyson*. As to this, his anticipations have not been realized. In the recent case of *Stalker* v. *M'Donald*, 6 Hill, 93, it was held by the highest appellate court of New York, that a party receiving a negotiable note is affected by the equities as between the original parties ; "unless he had given money or some new consideration for it, or given up a security which he held for the payment of the antecedent debt ; and that it was not sufficient to protect the note in the hands of the purchaser, that he received it merely as security, or nominally in payment of a preëxisting debt." Chancellor Walworth sustained this view of the question in a very elaborate opinion. On the other hand, Mr. Justice Story reaffirms his views in his treatises on promissory notes and on bills. In the treatise on bills, § 292, he says : "Any person is treated as a *bona fide* holder for value, not only who has advanced money or other value for the note, but who has

received it in payment of a precedent debt, or has taken it as collateral security for a precedent debt." Chancellor Kent, 3 Comm. 80, (6th ed.,) says : " Mr. Justice Story, in his treatise on promissory notes, p. 215, repeats and sustains the decision in *Swift* v. *Tyson*, and I am inclined to concur in that decision, as the plainer and better doctrine." This confirmation of the doctrine of judge Story's treatise, by chancellor Kent, it is to be remembered, was written after the publication of the decision of *Stalker* v. *M'Donald*, above cited.

The opinions of these learned jurists, upon this point, have been sanctioned by the courts of Connecticut, Ohio, and Maine. *Brush* v. *Scribner*, 11 Conn. 388 ; *Carlisle* v. *Wishart*, 11 Ohio, 172 ; *Homes* v. *Smyth*, 4 Shepl. 177 ; *Norton* v. *Waite*, 2 App. 175. Two cases, from the reports of the decisions of the superior court of New Hampshire, have been cited as of a contrary tendency. Upon examining those cases, it will be found, that *Jenness* v. *Bean*, 10 N. H. 266, was a case of a note payable on demand and indorsed after it was overdue. The case of *Williams* v. *Little*, 11 N. H. 66, is more in point ; adopting to some extent the principle of the New York decisions. The decision in this case is to the effect, that the receiving of a negotiable note of a third person, in payment of a precedent debt, would, as respects the indorsee, exclude all equities between the original parties to the note ; but that the party, receiving such negotiable note merely as collateral security, would take the same subject to all the equities as between the original parties. If the present was a case of a note received as collateral security merely, the case of *Williams* v. *Little* would be an authority in favor of the defendants.

Very few direct authorities upon this point are found in the published reports of the decisions of this court ; although, as already remarked, the subject has been occasionally before us, and much considered in cases where it was eventually found unnecessary to express any opinion upon the question. The case of *Chicopee Bank* v. *Chapin*, 8 Met. 40, is the

more direct authority for the plaintiffs upon the point, that if the notes were taken as collateral security merely, the defendant cannot avail himself of the equities between the original parties ; the plaintiffs being *bona fide* holders without a knowledge of these equities. The general question of the unrestrained negotiability of notes of this character, and the importance of giving effect to their transfer, was much considered in *Wheeler* v. *Guild*, 20 Pick. 545.

The present case, in our view, requires nothing more than the recognition of the principle, that the receiving of a negotiable note in payment of a preëxisting debt will exclude all the equities between the original parties. The evidence shows, that these notes were thus received. They were applied directly in payment of precedent debts, and the amount of them was deducted from the debt due from the Hales. In this commonwealth, especially, where it is held that the giving of a promissory note is *prima facie* evidence of a payment of the demand, on account of which it is given, such a transfer should be considered as entitled to all the protection which is afforded by the rules of law to a note given as payment of a precedent debt. The evidence satisfactorily shows that the receipt of these notes by the plaintiff was in payment of a precedent debt ; and, upon this ground, therefore, the plaintiffs are not to be affected by the equities between the original parties. It is true, nothing was given up, and no securities were surrendered ; and consequently the notes would not be protected under the rule adopted in the case of *Stalker* v. *M'Donald*, 6 Hill, 93. If, however, the case had been one of a note taken as collateral security, it is difficult for us to perceive any sound reason for a different result. All the cases, those of the New York court inclusive, concur in this, that if the party receiving the note parts with any thing valuable, he is entitled to enforce the payment of the note, irrespective of the equities as between the original parties. But may you not as well show a legal consideration, by showing forbearance to act, as by showing an act done ? A damage to the promisee is all that is necessary to show a

good consideration for a promise; and ought not the same rule to apply in protection of a note transferred to him ? If the party had not received the note as collateral security, he might have pursued other remedies to enforce the security or payment of his debt. He might have obtained other securities, or perhaps payment in money. It is a fallacy to say, that if the plaintiffs are defeated in their attempt to enforce the payment of these notes, by allowing this defence to prevail, yet, nevertheless, they are in as good a situation as they would have been in, if the notes had not been transferred to them. That fact is assumed, and not proved, and from the very nature of the case is a matter of entire uncertainty. The convenience and safety of those dealing in negotiable paper seem to require and justify the rule, that when a person takes a negotiable note not overdue, or apparently dishonored, and without notice, actual or constructive, of the want of consideration, or other defence thereto, whether in payment for a precedent debt, or as collateral security for a debt, the holder should have the legal right to enforce the same against the parties thereto, notwithstanding such defence might have been effectual as between the original parties.

*Judgment for the plaintiffs.*