IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW YORK,

IN OCTOBER TERM, 1839, IN THE SIXTY-FIFTH YEAR OF THE INDEPENDENCE OF THE
UNITED STATES.

---

### BANK OF SALINA vs. BABCOCK and others.

Where a bank receives and discounts negotiable paper, places the proceeds to
the credit of the holder, and charges over against him and *cancels* other
notes upon which are responsible parties but which are over-due and lie un-
der protest, such *cancellation* is equivalent to *paying value at the time,* and
precludes all defence existing as between the original parties.

THIS was an action of *assumpsit,* tried at the Onondaga
circuit in April, 1838, before the Hon. DANIEL MOSELEY,
one of the circuit judges.

The suit was brought against the maker and endorsers of
a promissory note for $1500, at ninety days, dated 7th
March, 1837, drawn by H. S. Gilbert, payable to L. Bab-
cock, and endorsed by the latter and two mercantile firms,
viz. *Trowbridge & Grant* and *J. & H. Paddock.* The note
was discounted by the bank of Salina, on the 15th March,
1837, and the proceeds placed to the credit of *Trowbridge
& Grant,* on the books of the bank, with whom that firm
had extensive dealings. On the next day three notes drawn

by Trowbridge & Grant, amounting together to upwards of $2000, which were over-due and laid in the bank under protest, were charged to the account of Trowbridge & Grant and the notes cancelled ; upon two of which, amounting to $1420, there was a responsible endorser. It was proved that the course of business at the Bank of Salina with such of their customers as had large dealings with the bank and resided at a distance, as was the case with Trowbridge & Grant, was to discount notes from time to time as they were received and to credit the proceeds on the books, and whenever a credit stood upon the books sufficient to pay such notes as had come to maturity, to charge the notes, cancel them and send them home. On the part of the maker and payee of the note it was proved, that there had been a misappropriation of the note ; that it had been made and intended by them that it should have been discounted *for the benefit of the payee ;* and they insisted that the Bank of Salina, not having made any advances upon or given any actual value for the note, but having received it and appropriated it to the payment of antecedent debts, were not entitled to recover against the maker and payee. The judge among other things charged the jury, that the acceptance of the note in question by the plaintiffs would not discharge the parties to the previous notes from their liability, and the jury accordingly found a verdict for the defendants. The plaintiffs ask for a new trial.

*J. A. Spencer*, for the plaintiffs.

*W. Duer*, for the defendants.

*By the Court*, NELSON, Ch. J. There is no question in the case but that the plaintiffs received and discounted the note in good faith, and the only pretence of objection to the recovery was, that no value had been given, and hence the defendant Babcock should be at liberty to set up the diversion of the paper. This seems to have been the view of the learned judge at the circuit, though the charge is somewhat obscure. The answer to the objection, however, is,

that the proceeds of the note were placed to the credit of Trowbridge & Grant, for whom it was discounted; and were drawn out—not, I admit, by checking for the money, but by the *cancellation of securities* held by the plaintiffs, which was the same thing, in legal effect.

The court ought not to speculate about the probability of reviving these cancelled securities, in case the paper upon the strength of which they were cancelled should turn out to be unavailable; much less ought we to go into a calculation of the chances of revival as the ground of defeating the substituted security. It is enough that the plaintiffs, in good faith, charged over and *cancelled* them according to usage, and held them merely to be sent home. This is parting with value in the strictest sense of the term. The plaintiffs had a right to give up the old securities upon the faith of the new paper, and they have done an act that is equivalent, and so intended. What if the old debt might still remain which seems to have been the idea of the judge at the circuit? The securities which were held beyond the responsibility of the debtor himself were destroyed. Regarding the usage of the bank in keeping its accounts with its customers, as detailed by the cashier, we may safely say, that any alteration of the state of them to the prejudice of the institution, by reason of the discount of new paper should be deemed a parting with value therefor, within the meaning of the rule of law. It was urged on the argument, that there was no evidence that these securities were cancelled in consequence of the receipt of the note in question; but this is most obvious, as well from the course of dealing as the testimony of the cashier.

New trial granted.