GEORGE L. BROWN, Executor, &c., of CHARLES BURRALL, deceased, Respondent, *v.* GEORGE A. LEAVITT and others, Appellants.

The holder of a promissory note transferred in payment of a note already due, is a holder for value.

APPEAL from the Superior Court of the city of New York. The action was brought upon a promissory note made by the defendants' firm, for $603.10, dated March 27, 1861, payable nine months after date to the order of J. F. Zebley & Co. The defense set up was fraud on the part of Zebley & Co., in obtaining the note, and a total failure of consideration therefor. On the trial the defendants showed by John F. Zebley, that the plaintiff held a note of $1,500, made by Zebley & Co., which matured in February, 1862; that for the purpose of settling that note, J. F. Zebley & Co. and plaintiff's testator met at the office of Seymour & Co. in the month of March, 1862; that Zebley & Co. then delivered the note in suit, with several other notes, all of which were indorsed by Seymour & Co., to the plaintiff's testator, and paid the balance of the fifteen hundred dollar note in cash; and that the testator took the note in suit with the other notes, with the balance in cash, in payment of the note he held, and surrendered the old note, and delivered the same to Zebley &

Co. The counsel for the defendants then offered to show the transaction between defendants and Zebley & Co. to establish the alleged defense. This was objected to, and the court held that, as the evidence then stood, the plaintiff's testator was a *bona fide* holder of the note for value, and that he became so before maturity; and that the proposed evidence was improper, irrelevant and immaterial, unless the defendants' counsel proposed by further evidence to explain or modify the testimony of Zebley, and to show that plaintiff was not a *bona fide* holder of the note for value, which the defendants' counsel said he did not intend to do. The court thereupon excluded the proposed evidence, and directed a verdict for the plaintiff, to which defendants' counsel duly excepted. On appeal, the Superior Court, at General Term, affirmed the judgment.

*Marsh, Coe & Wallis,* for the appellant.

*Burrill, Davison & Burrill,* for the respondents.

DAVIS, J. The note in suit was indorsed and delivered by Zebley & Co. to plaintiff's testator, before it fell due, in payment, so far as it went, of a larger note than held by the testator. It was received with other notes, and a balance in cash, as such payment of the larger note, delivered up to Zebley & Co.

In this State it is settled by abundant authority that this transaction constituted the plaintiff's testator a holder, for value, of the note in question. (*Bank of Salina* v. *Babcock,* 21 Wend., 499; *Bank of St. Albans* v. *Gilleland,* 23 id., 311; *Bank of Sandusky* v. *Scoville,* 24 id., 115; *White* v. *Springfield Bank,* 3 Sandf. S. C., 222; *Young* v. *Lee,* 18 Barb., 188; *S. C.* affirmed, 2 Kern., 534; *Stetthein* v. *Meyer,* 33 Barb., 215; *Mohawk Bank* v. *Corey,* 1 Hill, 515; *Meads* v. *Bank of Albany,* 25 N. Y., 149; *Stalker* v. *McDonald,* 6 Hill, 93.)

A further discussion of the question might lead to a suspicion that the law was in doubt on the point.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.