## MILO PRATT *v.* LUCIEN D. COMAN, IMPLEADED, &c.

*Promissory Note—Consideration—Giving up old note.*

The giving up a note past due to the maker and taking in lieu thereof a negotiable note not yet matured, postpones the immediate right of action for such original debt and makes the owner of the latter note a holder for value.

THIS case comes here on appeal from a judgment of the Supreme Court, affirming a judgment for the Defendant, entered on a report of a referee.

The action was brought upon a promissory note, made by the Defendant Coman, dated June 4, 1859, for $3,000, payable six months after date to the order of one Agnew, and by him endorsed to the Plaintiff.

The answer set up the defence that Agnew, by false representations, induced Coman to buy certain stock in the Etna Mining and Manufacturing Company, and that the Defendant gave the note in suit in payment thereof. The referee found the fact that the note was procured by fraud, and that Agnew endorsed the note to the Plaintiff before maturity. That Agnew being indebted to the Plaintiff in a large sum of money, for which the Plaintiff held Agnew's overdue notes, the Plaintiff gave up to Agnew said overdue notes, and received therefor the note in suit, and new notes made by Agnew for the balance; and that the Plaintiff took the note in suit without notice of any defence.

The referee found that the said notes so due from Agnew to the Plaintiff were surrendered by the Plaintiff to Agnew; and this note of Defendant's, with Agnew's endorsement, was delivered by Agnew to Plaintiff, and as a part of said indebtedness, and the note or notes of Agnew given for the balance.

That no agreement was made at the time that said note in suit should be a payment of so much or any part of said indebtedness, nor was anything said on the subject, the transaction being

simply a surrender of the old notes, and the endorsement over of this, and the giving of the other notes. Upon these facts the referee held that the Plaintiff was not a bonâ fide holder for value, and allowed the defence, and gave judgment for the Defendant, which judgment was affirmed by the General Term of the First District, and the Plaintiff has appealed to this Court.

*Charles Tracy* for Appellant.

*E. L. Fancher* for Respondent.

MASON, J.—The Plaintiff, upon the conceded facts of this case, must be regarded in law a bonâ fide holder for value of the note upon which this action is brought. I do not deem it important to inquire in this case whether the receipt of the note in suit by the Plaintiff, and the surrender to Agnew of his note, to take up which this note was received by the Plaintiff, was, under the facts as found by the referee, a discharge and satisfaction, or payment of the debt of which the note surrendered by the Plaintiff was the evidence. The general rule of presumption, it seems to me, should be that the Plaintiff intended to relinquish his claim evidenced by Agnew's note, and take this note of Coman in its stead, or in payment of, or discharge of, such demand.

The giving up to Agnew of his note, and taking the note in suit for it, according to every rule of presumption known to the law, is evidence of the intention of the parties to cancel the note. Be this as it may, however, if it did not discharge the pre-existing debt, it certainly operated to cancel the negotiable paper of the Plaintiff; and this, as I understand the law, is parting with value sufficient to constitute the Plaintiff a bonâ fide holder of this note.

This was expressly held in the case of Youngs *v.* Lee (18 Barb. R. 187, 191, 192), and affirmed in this Court in 2 Kern. R. 551. Judge Welles, in delivering the opinion of the Supreme Court in that case, very justly remarks, that " Admitting that the Plaintiff could have recovered against Bell & Goodman the amount of the note surrendered, under the facts stated, it does not follow that they have parted with nothing of substantial value. Their demand against Bell & Goodman, in the shape of negotiable bank

paper, was better and more available, on many accounts, than if it remained in an open unliquidated account."

This case was affirmed, as we have already said, in 2 Kern. R. 551, and the head-note, which is an accurate statement of what the case decides, is as follows : " Where the owners of a note due in a few days, which was deposited for collection with the bank where it was payable, withdrew it from the bank, and surrendered it to the maker, on receiving from him his note payable in three months, endorsed by a third person—held, that they were holders of the note last named for value to the amount of the note surrendered."

The same rule was affirmed in the Supreme Court in the case of the Bank of Salina *v.* Babcock and others (21 Wend. 499), in which it was held that " Where a bank receives and discounts negotiable paper, places the proceeds to the credit of the holder, and charges the avails over against him and cancels the other notes, upon which are responsible parties, but which notes are overdue and lie under protest, such cancellation is equivalent to paying value at the time, and precludes all defence existing as between the original parties." And Judge Nelson, in delivering the opinion of the Court, at page 501, says : " The Court ought not to speculate about the probability of reviving these canceled securities, in case the paper, upon the strength of which they were canceled, should turn out to be unavailable ; much less ought we to go into a calculation of the chances of revival as the ground of defeating the substituted security." He adds that " It is enough that the Plaintiffs, in good faith, charged over and canceled them according to usage, and held them merely to be sent home. This is parting with value in the strictest sense of the term. The Plaintiff had a right to give up the old securities upon the faith of the new paper, and they have done an act that is equivalent, and so intended." The case of Day *v.* Saunders, unreported,* holds that if the note was received in payment, the Plaintiff is a bonâ fide holder.

There is another view which may be taken of this case, which,

* 1 Transcript Appeals, p. 352.

to my mind, shows conclusively that the Plaintiff parted with value in surrendering up Agnew's note which was past due, and taking this note in suit, made by the Defendant, in its stead, and which had six months to run before it was due.

The law is well settled that the acceptance of such a note on time, though not received as an absolute payment of the original debt, suspends the right of action on the original debt until the note becomes due or is dishonored (Putnam v. Lewis, 8 J. R. 389; 5 T. R. 513; Edwards on Bills and Notes, 197, 199, 200; 1 Bing. R. 100). The debt from Agnew to the Plaintiff being due, and the Plaintiff, at the time of surrendering the old note, having the right to enforce its payment presently, and which right he relinquished by receiving the note in suit, and his power to collect the original debt from Agnew being suspended until the note in suit should mature, he certainly parted with value, which constituted a sufficient consideration to make the Plaintiff a bonâ fide holder of the note in suit (Burns v. Rowland, 40 Barb. R. 369). It is true the Plaintiff had Agnew's endorsement upon the note in suit, but this was only a contingent liability at the end of six months, and the Plaintiff was bound to protest the notes to charge him (Jones v. Savage, 6 W. R. 658; 7 Mass. R. 286; 4 Verm. R. 549; Edwards on Bill and Notes, 197, 198).

I will, without further consideration or reference to authorities, only say that I am entirely satisfied that both upon principle and authority the Plaintiff, upon the facts found by the referee in this case, must be regarded as a bonâ fide holder for value of the note upon which this action is brought.

It follows that the judgment of the Supreme Court should be reversed, and a new trial granted, costs to abide the event, which I advise to be done.

MILLER, J.—This was an action on a promissory note for $3,000, payable six months after date to the order of one Agnew, and endorsed by him. The Defendant, the maker, set up as a defence that Agnew, by false representations as to the value of certain

stock, induced Coman to buy it, and to make this note in payment.

The cause was referred, and the referee found that the note was procured as alleged in the defence; that Agnew endorsed the note to the Plaintiff before maturity, and being indebted to the Plaintiff in a large sum of money, for which he held Agnew's overdue notes the Plaintiff gave up to Agnew said notes, received the note in suit, and new notes for the balance, and took the note in suit without notice of any defence thereto. He also found in favor of the Defendant.

The judgment was affirmed at General Term in the First District.

In Brown *v.* Leavitt (31 N. Y. 113) it was held that the holder of a promissory note transferred for a note already due is a holder for value. I am unable to discover why the case at bar does not come within the principles here laid down. Another note was given up by the Plaintiff, and he took the note in question before maturity, and without notice of any defence existing to it. Having surrendered an existing obligation in his hands for the note in suit, he became a holder for value.

It is said that the note given up was only evidence of a debt for money lent, and that Agnew, being liable as endorser, the Plaintiff was not prejudiced by taking the note in suit. I think it a conclusive answer to this position, that he might be prejudiced by the delay in prosecuting Agnew as endorser, and that no action could be maintained against him until the new note became due. By surrendering the old note the Plaintiff's right of action was given up on that demand, and hence he could not press the collection of his debt until the new note became due; and by the delay he lost a right which he possessed when he obtained the note, and suffered an injury.

In the case cited the like feature of endorsement existed (see also Bank of Salina *v.* Babcock, 21 Wend. 499; Mohawk Bank *v.* Corey, 1 Hill, 513; Bank of Sandusky *v.* Schoville, 24 Wend. 115.)

Nor does it, in my opinion, alter the case, because the original indebtedness was for money lent.

If this was not merged in the first note given, I think it became extinct by the exchange of that note for others; and as there

was no evidence to show that it was not intended as a payment, the presumption would be that it was so intended. But conceding that it was not thus merged, it cannot be denied that the taking of the note in suit delayed the collection of the original debt, pro tanto, and thereby the Plaintiff was injured and lost a right which he possessed; which would entitle him, upon the principle applicable to such cases, to occupy the position of a bonâ fide holder for value.

The judgment should be reversed.

WOODRUFF, J.—In this case the facts which are material to the precise question may be stated in simple form, thus: The Plaintiff loaned money to Agnew, to a large amount. For that money the Plaintiff held Agnew's notes, which were past due. Agnew, on the 4th of June, 1859, *by fraud*, procured from the Defendant his note for $3,000, payable to his (Agnew's) order six months after date. Agnew, before its maturity, endorsed and delivered such note to the Plaintiff, on account of so much and part of said indebtedness, and the Plaintiff therefore gave up to Agnew his own notes, which were past due, receiving for the balance of such indebtedness Agnew's new notes.

The Plaintiff received the Defendant's note in good faith, without notice of anything impairing its validity in the hands of Agnew. Did this transaction make the Plaintiff a holder for value, entitling him to recover from the Defendant, notwithstanding the fraud by which Agnew obtained the note from him? It is settled in this Court by Youngs *v.* Lee (12 N. Y. 555), that the receipt of a note in extinguishment of a demand upon a note *not yet due*, constitutes the recipient a holder for value, although the debtor endorsed the note at the time of the transfer. And in Brown *v.* Leavitt (31 N. Y. 113) it was decided that where the Plaintiff, being the holder of a note which was *past due*, surrendered it to the maker on receiving from him the Defendant's note payable to the order of such maker, not yet due, endorsed by a third party, and certain other notes and money in payment, such Plaintiff was a holder for value, and evidence of the transactions between

the maker and payee was not admissible to impeach the validity of the note. (See Day *v.* Saunders,decided in this Court in 1867—not yet reported.)* In the belief that all the questions connected with the inquiry, what constitutes a holder for value, heretofore so much agitated in our Courts, are settled, the Appellant calls our attention to the fact that there was a distinct indebtedness for money lent, constituting a cause of action against Agnew for the money lent, unimpaired by the transaction ; and that he cannot be said to have received the present note in *payment* of a precedent indebtedness, nor to have in anywise given or parted with value upon faith of the note of the Defendant, endorsed to him by Agnew. If it had distinctly appeared that the parties agreed, on the endorsement of this note, that it should simply be held as a security for the debt due to the Plaintiff for the money loaned, the Plaintiff retaining the right to sue for such debt at any moment he saw fit, the case of Coddington *v.* Bay (20 J. R. 637), and Stalker *v.* McDonald (6 Hill, 93), would have applied to the transaction. But upon the facts proved it is clear that, in the first place, the notes of Agnew first given for such debt operated to extend the time of payment of the money loaned until they matured ; and upon the endorsement of the note in question to the Plaintiff, and the surrender and extinguishment of those notes, the time of the payment of the loan, pro tanto, was extended to the maturity of the Defendant's note.

This reduces the question to the simple inquiry, does the giving of time to the debtor, by receiving a security payable at a future day, constitute a giving or parting with value within the meaning of the rule ?

I think it does. Giving time is a good consideration for a promise. Giving time impairs the right of a creditor as against his debtor. Thus, the unmistakable right to sue may be of great importance as a security.

The law holds it material where it declares that giving time to a principal debtor releases a surety, on the ground that the right of immediate pursuit is valuable. So as to the maker of a note in

* 1 Transcript Appeals, p. 352.

favor of an endorser.   So the giving of time is a sufficient consideration for the obligation of a surety or an endorser.   On this ground I think the judgment should be reversed.

All reverse.