BROMLEY et al. vs. WALKER.

The equities of a party who takes negotiable paper before maturity, in good
faith, and pays for it, or pays part of the consideration therefor, by the sur-
render and extinguishment of the note or other security for a debt due to
him from the assignor or previous holder of the paper transferred, are supe-
rior to those of the original maker or indorser of such paper.

Thus where V., the payee and indorser of a promissory note for $200, made
by the defendant, sold and delivered the same, before maturity, to G. for
$100 in cash, and his own note for $100, held by G. for a previous indebted-
ness, at the same time giving his note for the interest on the note so surren-
dered, and G. taking such note made by the defendant in good faith and
without notice; Held that these facts brought the case within the decisions
in Stettheimer v. Meyer, (33 Barb. 216) and Brown, Ex'r, &c. v. Leavitt, (31
N. Y. Rep. 113,) and within the principle declared in Young v. Lee, (2 Kern.
554;) and that G. was a bona fide holder of the note so purchased by him.

APPEAL from a judgment entered upon the report of a referee.

The complaint was upon a promissory for $200, made by the defendant Walker, dated May 1, 1866, payable three months after date, with interest, to the order of John P. Van Allen, which note Van Allen indorsed and transferred to one D. P. Garrison, who indorsed and transferred it to the plaintiffs. The defendant Walker, by his answer, alleges, 1st. That the plaintiffs are not, and D. P. Garrison is, the real party in interest. 2d. That the note was procured from Walker by fraud, is without consideration, which was well known to the plaintiffs, and they are not holders of the same in good faith or value. 3d. That the note was made by Walker and delivered to Van Allen for the purpose of raising money by the discount thereof, for the benefit of Walker, and Van Allen, before the note became due, made a usurious agreement with Garrison by which Van Allen agreed to deliver the note to Garrison and Garrison agreed to lend and advance to Van Allen, upon the faith thereof, $100 and no more, and deliver to Van Allen $100 in securities of no value; which agreement was made and securities were delivered as a cover and concealment of the real usury, and the loan or forbearance so secured exceeds the rate of seven per cent, wherefore the note is void; all which was well known to the plaintiffs.

The referee found the following facts: That the defendant executed the note in suit on the 1st day of May, 1866, and then delivered it to John P. Van Allen, the payee, without consideration. That Van Allen received the note with the understanding that he would procure the same to be discounted, and return the proceeds to the defendant to enable him to pay his own note then due at the bank of Ward & Brother. That the note in suit bears interest from its date. That some time after this, and before the maturity of the note, Van Allen sold and delivered it, by indorsement to Daniel P. Garrison, who paid

him therefor the sum of $100 in cash, and surrendered up a note for $100 principal, which Garrison held against the said Van Allen, and taking back a scrip for the accrued interest thereon. That Garrison thus took the note without notice of its character or of the facts and circumstances attending its execution and delivery to Van Allen, or that the same was without consideration. That Van Allen paid the defendant no part of the proceeds of the note. That after the note had been so purchased by Garrison, and before he sold and delivered the same to the plaintiffs, he was informed by the defendant of all the facts and circumstances connected with the making and delivery of the note, and that it was wholly without consideration. That just before the maturity of the note Garrison agreed with one Burrill Spencer to sell and deliver to him the note, together with another note for about $100, for the sum of $300, and the said Spencer and Garrion then went to the office of the plaintiffs, none of the plaintiffs being present, when Spencer gave Garrison the plaintiffs' check for $300, and took the two notes, which were left in the possession of the plaintiffs. That the plaintiffs were the purchasers of the note in and by the transaction between Burrill Spencer and the said Garrison, and took the same without notice and in good faith, and that Spencer, at this time, had no notice of the true character of the note or of the facts and circumstances connected with its execution and delivery to Van Allen.

As matter of law the referee reported that the plaintiffs were entitled to judgment against the defendant for the amount of the note, with costs.

The defendant Walker appealed from the judgment.

D. Wentworth, for the appellant. I. The plaintiffs must show that they received the note in the ordinary way of trade, in good faith and without notice. (9 Wend. 191. 4 N. Y. Rep. 166.) They not only fail to do so, but take

the position that the duty rests with the defendant to prove the contrary. That production of the note is sufficient.

II. The plaintiffs are not the owners and holders of the note in good faith. They are mere holders. (37 Barb. 458.)

III. The referee places his decision upon the ground that the purchase of the note by Burrill Spencer was a purchase by the plaintiffs through Spencer as agent. This was error. There is not a particle of testimony to sustain the proposition that Spencer was the plaintiffs' agent, or had any business connections with them whatsoever. Indeed, the evidence is quite to the contrary.

*J. L. Requa*, for the respondents. I. The payment by Garrison of $100 for the note in question, and the surrender of the $100 note which he held against Van Allen, made Garrison a *bona fide* holder for value. The surrender of the $100 note makes him a holder in good faith, the same as if he had paid that amount in cash instead of surrendering the note. (*Stettheimer* v. *Meyer*, 33 *Barb.* 215. *Brown* v. *Leavitt*, 31 *N. Y. Rep.* 113.)

II. If Garrison was a holder in good faith and for value, the plaintiffs are entitled to recover, irrespective of questions of their own good faith, because they stand in the right of their indorsee, Garrison. (1 *Pars. on Cont.* 212. *Chalmers* v. *Lamon*, 1 *Camp.* 383. *Solomons* v. *Bank of England*, 13 *East*, 135. *Thomas* v. *Newton*, 2 *C. & P.* 606. *Hascall* v. *Whitmore*, 19 *Maine Rep.* 102.) All subsequent questions in the case are therefore immaterial.

III. But the plaintiffs are themselves holders in good faith and for a valuable consideration. (*Steinhart* v. *Boker*, 34 *Barb.* 436. *Magee* v. *Badger*, 30 *Barb.* 246; *affirmed*, 34 *N. Y. Rep.* 247. *Bank of New Haven* v. *Perkins*. 20 *id.* 554.)

Bromley *v.* Walker.

*By the Court,* E. DARWIN SMITH, P. J. If it was necessary to hold that the plaintiffs received the note in question from Garrison, in the ordinary course of business, and for value, I should have some doubts whether the finding of the referee on that point could be sustained. Spencer purchased the note of Garrison with the checks of these plaintiffs; but the plaintiffs affirmed the trade, and took the note, and have possession of it, and the money paid by Spencer for it, was their money.

From these facts, if Garrison could give a good title to the note, I think the referee might find the title in the plaintiffs, and that his finding on that point cannot be disturbed. They had all the title Garrison had, at least, and that is sufficient to maintain the action, if the defendant had no defense to it, as against Garrison.

The defendant clearly made out a good defense to the note, as against the original payee, Van Allen; but, according to the present tenor of the cases, I think he made out no defense, as against Garrison.

The referee finds that Garrison received this note of Van Allen before the maturity of the note; that Van Allen sold and delivered it to him, and received therefor $100 in cash and his own note for $100 principal, and upon his giving a note for the interest accruing on his note then surrendered; and that Garrison took the note in good faith, without notice of the facts, &c. This brings the case within the cases of *Stettheimer* v. *Meyer,* (33 *Barb.* 216,) and *Brown, executor, &c.* v. *Leavitt,* (31 *N. Y. Rep.* 113,) and within the principle decided in *Young* v. *Lee,* (2 *Kern.* 554.)

It is too late, after these cases in the Court of Appeals, to hold that the equities of the party who takes negotiable paper before maturity, in good faith, and pays for it, or pays part of the consideration therefor, by the surrender and extinguishment of the note, or other security, for a debt due to him from the assignor or previous holder of

the paper transferred, are not superior to those of the original maker or indorser of such paper.

Garrison here paid $100 in cash, and gave up and surrendered the note of Van Allen for $100 besides. This made him a *bona fide* holder of the note in suit, and the judgment must, therefore, be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 2, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]