· The Park Bank, Respondent, *v.* James C. Watson, Appellant.

Where accommodation paper is fraudulently diverted from the purpose for which it was made, a banker, who, without notice of such diversion, takes such paper from his debtor (the payee) as collateral to a previous loan not yet due, and in lieu and upon the surrender of collateral notes of other parties then past due and protested for non-payment, which had been previously deposited as collateral to said loan, is a *bona fide* purchaser and entitled to recover against the accommodation maker, notwithstanding the diversion, and although the parties liable on the protested notes, for which this accommodation paper was substituted, were insolvent and the notes therefore worthless.

(Argued April 1st, 1870; decided June 23d, 1870.)

Two actions. Appeal from a judgment of the General Term of the Supreme Court in the first district, affirming a judgment for the plaintiff entered on a verdict directed by the court.

These actions were brought to recover the amount of three promissory notes made by the defendant, payable to the order of Wilson, Midgley and Jennings, and by them indorsed and delivered to the plaintiff before they matured. They were made without any consideration, at the request and for the accommodation of the payees, and were lent to them on an agreement that they were to be used in getting a loan of $5,000 to assist them in business from Isaac N. Phelps, a broker in Wall street, by the deposit thereof and other " good

responsible paper," to the aggregate amount of $15,000, including these notes, as collateral security. The payees, instead of using them for that purpose, lodged them with the plaintiff as collateral security for their note of $2,000, indorsed by good and responsible parties, previously discounted by it, but not then due, on the surrender to them of other notes, annexed thereto and left therewith as collateral, and of about the same amount in the aggregate, which had then been protested. One of those was a borrowed note for about $1,180, made by Thomas Parks, who was a clerk of the said payees, and was shown to be irresponsible. On those facts the counsel for the plaintiff asked for judgment against the defendant.

The court thereupon said: " There was no defence; if there had been no consideration parted with by the bank the defence would have been good, but they gave up collaterals."

The counsel for the defendant excepted to the statement that " there was no defence." He asked the court : " Suppose Mr. Howes (who was the president of the Park Bank, plaintiff) requested Mr. Midgley to borrow this paper and knew it was not *bona fide* paper ?" The court replied : " I will charge it is accommodation paper, and will assume that Mr. Howes knew it, and whether Mr. Howes knew it or not the plaintiff is entitled to recover." To this the defendant's counsel excepted. He then asked the court to charge that the plaintiff cannot recover for any amount beyond that which remained after deducting the Park's note. This request was refused and an exception was duly taken. Proof being then given that nothing had been paid on the $2,000 note, or upon any of the collaterals, and of the amount due on those in suit, the court directed the jury to find a verdict in favor of the plaintiff for that amount. To which the defendant's counsel also excepted. A verdict in conformity with that direction was rendered, and judgment having been entered thereon, was affirmed at General Term, and the case comes before this court from the judgment of affirmance.

*Samuel Hand,* for the appellant.

*Francis C. Barlow,* for the respondent.

LOTT, J. The plaintiff was, upon the preceding statement of facts, entitled to judgment. Assuming (but not conceding) that there was an unlawful or fraudulent diversion of the notes from the special purpose for which they were made or lent, it does not show that the plaintiff had any knowledge or notice of that fact, nor does it appear that a claim to that effect, or any objection to a recovery on that ground, was made on the trial.

After the court had said that there was no defence, stating that the plaintiff had given up collaterals, the question of the defendant's counsel, by way of inquiry and suggestion as to the legal effect of the request of the president to borrow this paper, and of his knowledge that it was not *bona fide* paper, did not direct, nor was it calculated to direct, the attention of either the opposite counsel or of the court to the question of such diversion; and the answer of the judge, saying he would charge it was accommodation paper, and would assume that Mr. Howes, the president, knew it, clearly shows that he understood it to apply to the matters referred to by him, and to those only; and if it was introduced to include any other matter, and especially that of the improper appropriation of the notes, it was the duty of the counsel to refer to it specifically. That would have given the plaintiff an opportunity to disprove such knowledge and notice.

The question is then presented, whether the fact that the notes were given for the accommodation of the payees, and that the plaintiff knew it, was a defence. The bank, as was stated by the court without objection, "gave up collaterals" when it received those notes, and the proof fully justified that statement. The surrender of those notes, under the decision in *Brown* v. *Leavitt* (31 N. Y., 113), and the cases there cited, made the bank a holder for value, and entitled it to recover the full amount claimed in those actions, without deducting the amount of the note of Parks.

The fact that the plaintiff still continued to hold the note of $2,000 discounted by it, and that the notes in question and those surrendered, were taken as collateral only (while as to those surrendered the evidence of indebtedness was canceled), is, in my opinion, immaterial.

The general principle deducible from those decisions is, that a party will be protected as holder of negotiable paper, although fraudulently transferred, when he has received it before maturity, without notice of the fraud, and in good faith, and parted with something of value for it at the time of its transfer.

Upon the application of that principle to the undisputed facts in this case, the plaintiff was clearly entitled to recover, and the direction to that effect to the jury was unexceptionable.

It is evident, from what transpired on the trial after the close of the testimony, that there was no dispute or question raised as to the facts; the ground taken by the defendant's counsel in his points, that the case was not fairly submitted to the jury, is therefore wholly unwarranted. If he wished any matters to be passed on by the jury, it was his duty to call the attention of the court to them and ask for their submission.

It follows, from the views above expressed, that the judgment appealed from should be affirmed, with costs.

All concurred.   Judgment affirmed.