Daniels, J.—[After stating the facts.]
But the case was tried upon the theory that the plaintiffs were required to show that they received it in good faith and ' for value, before a recovery in their favor could be had. From that circumstance, as well as the entire absence of evidence that Cameron received anything whatever for the note, it could be reasonably presumed that the transfer of it to the plaintiffs was its first negotiation through which title to it was probably acquired. The answer contained an allegation impeaching their right to it as holders for value; but as it turned out under the evidence, the precise mode through which they received it was misapprehended. Whether this was anything more than a variance it is not necessary to consider ; because no objection was raised at the trial to its sufficiency to prevent the defense attempted to be sustained by the evidence. The case was tried upon the idea that the pleadings were in no respect fatally defective, and the points presented should be now disposed of in the order of their effect, for if objection had been taken that the answer did not include the defense relied upon under the evidence, it might have been obviated by an application for an amendment, which would have corrected its defects. The evidence given by one of the plaintiffs, who was examined as a witness on their behalf, tended to show that they received the note in *277 good faith and for a valuable consideration. According to his statement, Trask owed them near $15,000, for which they held as security $11,000 in notes made by R. & E. W. Sears, of Boston. That they took the note in suit of him under an agreement that they would loan him $2,500 for thirty days, and on the payment of that deliver him $10,000 of the Sears notes. That the money was advanced by them upon the note and repaid at the end of the thirty days, when they delivered him the stipulated amount of the Sears notes. Personal effort had previously been made to procure payment from Sears, without success, but the witness stated that he considered the notes worth something. It did not appear that the makers were insolvent or that the notes were for this reason worthless. This evidence was therefore sufficient to warrant the conclusion that the plaintiffs acquired the note in good faith and for value, if they had no notice that the title of the person from whom they received it was defective (Stevens v. Corn Exchange Bank, 3 Hun, 147 ; Brown v. Leavitt, 31 N. Y. 113 ; Pratt v. Coman, 37 Id. 440). , But as it was given by one of the parties to the action its effect was so far open to argument, on account of his interest,-as to render the inquiry whether it was truthful, one of fact for the consideration and decision of the jury (Elwood v. Western Union Telegraph Co., 45 N. Y. 549 ; Roberts v. Gee, 15 Barb. 449). To some extent it was not entirely in harmony with the evidence of the same person given on a preceding partial trial of the action. The defendant also stated that he informed him, when he was applied to for information as to the validity of the note, which was before the plaintiffs received it, that it would only be paid at maturity if he got the full amount of it. Whether, under this state of evidence, it was received by the plaintiffs in good faith, without notice, was very clearly a matter for the jury to decide. It could not be disposed of by the court, *278 without the actual or constructive assent of the defendant. And that was in no way given during the trial.
On the other hand, when the evidence was through he requested the court to submit the inquiry to the' jury, whether at the time the note was passed to the plaintiff, any contract was made by which any other valuable security was to be surrendered in place of the note, and whether, upon the testimony, the plaintiffs received it as collateral security in the place and instead of the Sears notes, and whether, on the whole evidence, the plaintiffs were bona fide holders for value. The court denied each request, and the defendant excepted, and a verdict was directed for the plaintiff, to which he also excepted. Whether the propositions mentioned in the first and second of these requests were maintained by the evidence, depended entirely on that which was given by one of the plaintiffs. If he was reliable as a witness then they did receive the note in place of an equal amount of the Sears notes given for it, and the jury could find that it was passed to them under a contract for the surrender of other security in its place, which might be considered valuable, even though that was left in some doubt by the evidence. And if he was not regarded as credible, then the propositions were unsupported in the case. Which were true, was for the jury to determine, and the questions should have been submitted to them.
The defendant testified that he made, indorsed, and delivered the note to Cameron for a specific purpose, and it seemed to have been diverted from it, when it was passed into the hands of Trask. If the jury believed that, then the plaintiffs could not recover upon it, without first proving that they received it in good faith and for value. The burden was on them, to satisfy the jury that such was the fact (Farmers’ National Bank v. Noxon, 45 N. Y. 762 ; Fitch v. Jones, 32 Eng. Law & Equity, 134).
*279 They gave evidence from which it might well be inferred, but it was not so controlling as to render the adoption of that conclusion a positive duty.
The case should have been submitted to them, and the exceptions to the refusal to give it that direction were well taken.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
Present, Davis, P. J., and Dorohue, J.