Burkhalter *v.* Pratt.

ment against the defendants' liability, which is put upon legal principles, well established by judicial authority. The plaintiff will, therefore, be entitled to judgment for $500, the assessed value of the property in France, the port of delivery.

Judgment accordingly, with costs, and five per cent. allowance.

This decision was affirmed by the general term, and the judgment was paid.

In the case of The Thuringia (41 *L. J. Adm. N. S.* 44, 1872), involving the question of the propriety of an abandonment of a ship, Sir R. J. Phillimore says: "In addition to care, must be added courage and resolution; for whether or not the latter element be required in the driver of a carriage, in the case of a collision on land, it is certainly required, and has often been so decided, in the master of a vessel, in the case of a collision at sea. The law requires such courage as belongs to the ordinary exercise of the profession or calling of a seaman. If the party complaining be a sailor, he cannot succeed in his suit, if it be shown that the danger which has caused his loss could have been avoided by a sailor's ordinary courage and skill."

---

# New York Marine Court.

*Trial Term—April,* 1876.

## STEPHEN BURKHALTER, et al. *against* J. W. PRATT.

The defendant indorsed a note made by one Tieton, an infant, to the plaintiffs' order. *Held* (1), that the plaintiffs might prove the circumstances under which the indorsement was made, for the purpose of showing that the defendant intended to become first indorser, and to make himself liable as such to the payees, the plaintiffs. That (2) the infancy of the maker was personal to the infant, and available as a defense only to him. That (3) an indorser, by becom-

Burkhalter *v.* Pratt.

ing such, asserts to the world, the competency of the maker to contract, and cannot gainsay it afterwards. That (4) an extension of time, granted to an infant, is valid as against his creditors, they being of age. How far the acceptance of new securities, payable *in futuro*, operates as an extension of time to pay the original debt—considered.

*J. L. Lindsay*, attorney for plaintiffs.

*J. B. Staples*, attorney for defendant.

McADAM, J.—The plaintiffs sued the defendant as indorser of a promissory note in the following words :

"$251.32.                 BROOKLYN, July 5th, 1873.

"One month after date, I promise to pay to the order of Messrs. Burkhalter, Masten & Co., two hundred and fifty-one dollars and thirty-two cents, with interest, at Commercial Bank, value received.

"WM. C. TIETON."

Indorsed, "BURKHALTER, MASTEN & Co.

"Without recourse.

"J. W. PRATT."

Owing to the phraseology of the note, a legal presumption attaches to the paper, that Burkhalter, Masten & Co., the (plaintiffs and its) payees, are the first indorsers of the note, and that Pratt, the defendant, is the second indorser thereon, and that the action by the payees against the subsequent indorser is unauthorized.

This presumption was destroyed, however, by proof, showing that instead of intending to become second indorser, the defendant Pratt indorsed the note payable to the plaintiffs' order, for the maker's accommodation, and to enable him to obtain from the plaintiffs an extension of credit, and for the purpose, and with the intent of becoming bound to said plaintiffs, upon his contract of indorsement (Ev. of Lindsay, and of defendant). This proof brings the case directly within the principle of Moore *v.* Cross (19 *N. Y.* 227), in which

the payee and indorsee was allowed to recover against a subsequent indorser, upon proof of facts somewhat similar. The defendant did not strenuously press this objection, and relied, for the success of his defense, upon the objection that the maker of the note was an infant; that it was given to secure an antecedent indebtedness; that nothing was parted with upon the faith of it; and that no valid extension of time to pay the original debt was given upon receiving it; and that the maker, by reason of his infancy, was incapable of entering into any valid agreement of extension, even if such had been his intention.

These various objections will be answered in the order in which they were made.

*First. As to the infancy of the maker.* Infancy is a personal privilege, of which no one can take advantage but the infant himself (*Bingham on Infancy*, marg. p. 49; Taylor *v.* Croker, 4 *Esp.* 187); and an indorser, by becoming such, asserts to the world the competency of the maker to contract, and is not afterwards permitted to gainsay the assertion so made (*Edwards on Bills*, 250; *Story on Promissory Notes*, § 135; *Byles on Bills*, marg. p. 199).

*Second. As to the competency of the infant to contract for a valid extension.* There can be little doubt that an extension granted in proper form would have been valid as against the plaintiffs, and, being apparently for the infant's benefit, would not have been void, but only voidable as to the infant, and capable, at a proper time, and by proper means, of being confirmed and rendered valid.

If otherwise valid the infancy of the maker did not invalidate the extension of credit. Having disposed of this branch of the infancy question, I will at once proceed to the next in order, which is the

*Third. As to the consideration for the extension.* It has been held that the acceptance of a new security,—

*i.e.*, an additional indorsement,—*ipso facto* operates as an agreement suspending the power to collect until default be made in the payment at maturity of the new security (Putnam *v.* Lewis, 8 *Johns.* 389; Pratt *v.* Coman, 37 *N. Y.* 440; 5 *Trans. App.* 334; Burns *v.* Rowland, 40 *Barb.* 368; Traders' Bk. *v.* Bradner, 43 *Id.* 379; Thompson *v.* Gray, 63 *Maine,* 228); but assuming that this rule has been effectually overruled in Cary *v.* White (52 *N. Y.* 138), as contended by the defendant's counsel, there is another impediment in the way of the defendant's success.

Part of the antecedent debt was represented by his past-due check, which the plaintiff surrendered to him upon the receipt of the note in suit. This check, like the debt it represented, was at most a voidable and not a void obligation of the infant, was capable of ratification, and could be avoided only by the infant himself. As before remarked, the privilege of the infant is a personal privilege, of which he alone can take advantage; and contracts can be avoided for the infancy of the contractor only by the contractor himself (see Grey *v.* Cooper, 3 *Doug.* 65; Keane *v.* Boycott, 2 *H. Bl.* 515; Taylor *v.* Croker, 4 *Esp. N. P. C.* 187). The drawer, therefore, of a bill of exchange cannot set up the infancy of the payee and indorser as a defense to the action of the indorsee (Grey *v.* Cooper, *supra*); nor can the acceptor set up the infancy of the drawer as a defense to such an action (Taylor *v* Croker, *supra*. And see Haly *v.* Lane, 2 *Atk.* 181; *Schouler Dom. Rel.* 2 Ed. marg. p. 538, and cases cited). The infant in the present case did not repudiate his check, nor did he in any way seek to avoid it. On the contrary, he made provision for its payment in the indorsed note of the defendant herein. This check must, therefore, be regarded, for all the purposes of this action, as a valid obligation against its drawer. The effect of its surrender, as declared by the court of

appeals in the following cases, is to make the plaintiffs *bona fide* holders of the note in suit, and to entitle them as such to a recovery thereon.

In Young *v.* Lee (12 *N. Y.* 551), the court of appeals held that the surrender of a note not yet due, made the plaintiff a *bona fide* holder of a new note given to induce such surrender.

In Day *v.* Saunders (1 *Transcript Appeals*, 352, and 1 *Abb. Ct. App. Dec.* 495), the court of appeals held that the rule that where a promissory note is indorsed and delivered before it falls due, in payment at maturity of a note held by the transferee, which latter note is delivered up, the transaction constitutes the transferee a holder for value, applies equally whether the note surrendered is not *due*, or *overdue*.

In Brown *v.* Leavitt (31 *N. Y.* 113), the court of appeals held that the holder of a promissory note transferred in payment of a note already due is a holder for value. In this case it appeared that the note sued upon was indorsed and delivered by Zabley & Co., to plaintiff's testator, before it fell due, in payment, so far as it went, of a larger note then held by the testator; it was received with other notes and a balance in cash, as such payment of the larger note delivered up to Zabley & Co., and the court (per DAVIS, J.) said: "In this State it is settled by abundant authority that this transaction constituted the plaintiff's testator a holder for value of the note in question (citing many cases); and that a further discussion of the question might lead to a suspicion that the law was in doubt on the point."

In Pratt *v.* Coman (37 *N. Y.* 440), the court of appeals held that the surrender to a party of his own negotiable note, past due, and taking in lieu thereof a negotiable note before its maturity, is a sufficient parting with value to constitute the party a *bona fide*

Burkhalter *v.* Pratt.

holder of the latter note ; and substantially the same rule is laid down in Powers *v.* Freeman (2 *Lans.* 127 ; Park Bank *v.* Watson, 42 *N. Y.* 490 ; Chrysler *v.* Renois, 43 *Id.* 209 ; Paddon *v.* Taylor, 44 *Id.* 371 ; Stettheimer *v.* Meyer, 33 *Barb.* 215). Under these decisions the surrender of the check representing part of the indebtedness, and the cancellation of the balance thereof, made the plaintiffs *bona fide* holders of the note, as before suggested. This question of part check and part book account, may be regarded as settled by anology in the Mechanic's & Trader's Bank *v.* Crow (60 *N. Y.* 85), wherein the court of appeals held, that where a bank discounted a note before maturity, paying part of the proceeds in money, and applying the residue in payment of a past-due note of the payee which is surrendered, that the bank is a holder for value.

It follows, as a legal sequence, that the plaintiffs are entitled to recover against the defendant, as first indorser, the amount of the note sued upon, with interest and protest fees.

Judgment accordingly, with costs and five per cent. allowance.

If a person indorses a note for the accommodation of another, who indorses it subsequently, and is obliged to pay it, the first indorser may under such circumstances prove the fact, and recover from the second indorser (Morris *v.* Walker, 15 *Q. B.* 589 ; Smith *v.* Marsack, 6 *C. B.* 486 ; Cady *v.* Shepard, 12 *Wis.* 639. And see Hubbard *v.* Matthews, 54 *N. Y.* 43.)