# N. Y. COMMON PLEAS.

THE PHENIX INSURANCE COMPANY, plaintiff and appellant, agt. SIMEON E. CHURCH, defendant and respondent.

*Promissory note — Bona fide holder.*

Where a plaintiff receives from the payee or holder thereof a diverted note in payment of a precedent debt and in consideration thereof alters his position by surrendering some security or evidence of indebtedness, he becomes a *bona fide* holder for value of the note received so as to shut out defenses thereto which otherwise might have been made. The reasons stated. So held, upon a reargument of the appeal herein and the present decision, in effect, reverses that previously rendered in the same case, reported, *ante*, page 29.

*General Term, January*, 1879.

BROWN, POPE & Co., were insurance brokers, in Boston, and had collected a considerable amount of money consisting of premiums of insurance belonging to the plaintiff and upon being pressed for payment, they gave their check for the amount. This check, upon being presented to the bank for payment, was not paid. Brown, Pope & Co., being pressed for the payment of the check thus given, finally gave the note in suit to the plaintiffs alleging it to be a good note and the unpaid check was surrendered to them. The note in suit had been given to one Worcester, for a particular purpose, and Worcester had diverted it and loaned it to Brown, Pope & Co., without receiving any consideration therefor.

The question presented is, are the plaintiffs such holders of the note in suit as would prevent the defendant from setting up the defense in this action upon the note which he had

against the note in the hands of Brown, Pope & Co., and in those of Worcester?

Mr. justice McADAM, who tried the cause, thought that the plaintiffs were *bona fide* holders of the note for value. The general term of the marine court reversed this judgment and from this judgment of the general term this appeal is taken.

*Mr. G. Tillotson*, of counsel, for plaintiff and appellant.

*Mr. S. E. Church*, in person.

VAN BRUNT, *J.*—A large number of cases have been cited by the counsel for the respective parties and which it is not at all necessary that I should notice in detail, because the principle which all these cases serve to illustrate seems to be the same, and it is only in the application of this principle to the facts of this case that any difficulty can arise.

In the case of *Moore* agt. *Ryder* (65 *N. Y.*, 438) the rule is stated to be as follows : "In case the holder of such paper has not parted with any value or received any binding obligation, *or changed his position to his detriment in the faith thereof*, he cannot recover against the party defrauded or wronged."

Again, in the case of *Turner* agt. *Treadway* (53 *N. Y.*, 650), somewhat different language is used in stating the proposition but it is of the same purport. It is there stated that a recovery cannot be had upon a note which has been diverted unless the plaintiff, upon the strength of the note, has surrendered some security *or evidence of indebtedness*, or parted with some value. It is true that it may be said that in the last case it was not necessary to determine whether the surrender of such an evidence of indebtedness as the past due note or check given for a debt of the maker would constitute the holder of diverted paper a holder for value, but the proposition contained in the previous case is only restated in different language. Applying this rule, even if there were no adjudicated cases upon the point, I think that it could be

shown that the plaintiffs in this action had changed their position to their detriment by the surrender of the check to Brown, Pope & Co. at the time they received the note in suit. It is impossible for any person to say that the holder of a negotiable instrument is not in a much better position than if the demand which this instrument represents had remained in an open unliquidated account. In the one case he holds an acknowledgment of indebtedness which would require the most satisfactory evidence to overthrow; in the other the burden of proof would be upon him to establish his claims, a difference which, in very many cases, would completely reverse the results of a litigation. So, in the case at bar, the plaintiffs in bringing their action upon the check of Brown, Pope & Co. would be proceeding upon an admission by Brown, Pope & Co. of their indebtedness which it would require very strong evidence to overthrow; whereas if they were suing upon an open account they would have to prove every item of the account which, it might be, they would find it impossible to do, and they would lose all the presumptions in their favor which they could avail themselves of in a proceeding upon the check.

Therefore, it seems to me to be no answer to the point that the plaintiffs have changed their positions to their detriment by the surrender of the check to Brown, Pope & Co., to say that even after the surrender of the check they could have brought an action against Brown, Pope & Co., upon the account.

But I need not rely upon my own application of the principle because the only authorities upon this question are entirely in harmony with the foregoing views and entirely dispose of the question. In the case of *Youngs* agt. *Lee* (18 *Barb.*, 187) the fact was expressly adverted to that the holder of a demand in negotiable paper was in a better position, on many accounts, than if the demand had remained in an open, unliquidated account and the decision of the case was based upon this ground.

The same case was affirmed in the court of appeals (12 *N. Y.*, 551), and the ground upon which the case in the court below was decided is not dissented from, but the decision is made to turn upon the fact that the note given up was not yet due and because the note surrendered was not yet due it was held that the plaintiffs were holders of the note sued upon for value. It is difficult to see what difference the fact that the paper surrendered is or is not due, can make and in the case of *Day* agt. *Saunders* (1 *Abb. Court of Appeals* 495), it was expressly held that it was manifest that there is no distinction in principle between a case where the debt is due and when not due.

In the report of the case of *Brown* agt. *Leavitt* (31 *N. Y.*, 113) it does not appear whether the surrendered note had been given for a previous indebtedness or whether the note constituted the whole debt but it is evident, from the opinion of the court, that whatever the fact was it could be of no consequence in the disposition of the case and that the holder of a promissory note transferred in payment of a note already due, is a holder for value.

In the case of *Pratt* agt. *Cowan* (37 *N. Y.*, 440) the facts were that one Agnew being indebted to the plaintiff in a large sum of money, for which the plaintiff held Agnew's overdue notes, the plaintiff gave up to Agnew such overdue notes and received, therefor, the note in suit and new notes made by Agnew for the balance, and that the plaintiff took the note in suit without notice of any defense.

The referee found that the said notes so due from Agnew to the plaintiff were surrendered by the plaintiff to Agnew, and this note of defendants with Agnew's indorsement was delivered by Agnew to plaintiff on account of so much, and as a part, of said indebtedness, and the note, or notes, of Agnew given for the balance. That no agreement was made at the time that said note in suit should be a payment of so much, or any part, of said indebtedness, nor was any thing said on the subject, the transaction being simply a surrender

of the old notes and the indorsement over of this and the giving of the other notes, "and the court expressly held that these facts constituted the plaintiffs holders for value and base their decision upon the cases of *Young* agt. *Lee* and *Brown* agt. *Leavitt.*

It is true that the court had another reason for arriving at the same conclusion which has been disapproved of in the cases of *Moore* agt. *Ryder* (65 *N. Y.*, 442); but the first ground upon which the decision had been placed is in harmony with the decisions and has never been overruled. It is suggested that a check is not such a security as a promissory note, but I am unable to see any difference between a past due check and a past due bill of exchange or promissory note. I am of the opinion, therefore, that by the surrender of the check of Brown, Pope & Co. at the time of the receipt of the note in suit the plaintiffs have changed their position in respect to their claims upon Brown, Pope & Co. to their detriment, and, consequently, are holders of the note in suit for value.

The judgment of the general term of the marine court should be reversed and that of the trial term affirmed, with costs.

I concur.    CHARLES P. DALY, Ch. J.

I dissent, for reasons given in former opinion (*ante, p.* 29). LARREMORE, J.