WILLIAM J. CALLAHAN, AS EXECUTOR, ETC., OF WILLIAM CALLAHAN, DECEASED, RESPONDENT, v. JOHN S. BANCROFT, APPELLANT, IMPLEADED WITH PRESTON KENYON.

*The extension of time of payment of a debt, is a valuable consideration for the transfer of an accommodation note.*

One who has loaned his note to another for the latter's accommodation, and subsequently when his note becomes due receives the note of a third person for a portion and cash for the balance of the amount due on his own note, and thereupon pays his own note, is a holder for value of the note of such third person.

By receiving such new note he has extended, by the time which it has to run the time for the payment of his debt, and such extension of payment is a valuable consideration for the transfer of such new note to him.

APPEAL from a judgment (recovered by plaintiff's testator), entered on the verdict of a jury; and also from an order made at the circuit denying defendant's (Bancroft's) motion for a new trial on the minutes.

The action was brought by the plaintiff's testator on a note made by the defendants to the order of Charles Crossley, and indorsed by him to the plaintiff for value, as alleged. The answers denied that the plaintiff was a *bona fide* holder for value, and alleged that the note was lent by the defendants to the payee Crossley for his accommodation to take up another note held by the plaintiff, but had been thus obtained by Crossley from them by means of false and fraud-

ulent representations made to defendant Bancroft as to his property and financial condition.

The plaintiff testified on the trial that the note in suit was given to take up another note of $2,731.46, due about December twenty-sixth. That the latter note was made by himself and given to pay a debt for goods sold to Crossley. When it fell due he paid it by his own check, Crossley paying the difference. He kept the note in suit, and also the note which he took up with the indorsement of Crossley.

*A. R. Dyett*, for the appellant.

*J. R. Dos Passos*, for the respondent.

DWIGHT, J.:

Assuming that the defendant's appeal from the order denying his motion for a new trial on the minutes, brings up for review an alleged misdirection of the judge at the circuit, to which no exception was taken; and assuming, moreover, that an expression of opinion by the judge, opposed to the ruling actually made for the purposes of the trial and to the positive instruction given to the jury in the final submission of the case, is such a misdirection, if erroneous, as may be thus reviewed, it yet remains to inquire whether the expression of opinion, complained of in this case, was not entirely correct, and the submission of the case to the jury upon a theory more favorable to the defendant, was not a work of supererogation.

In this case it was admitted that the plaintiff's testator took the note before due, and without any knowledge of the fraud by which it is alleged it was obtained by Crossley, his transferor ; it was only necessary, in addition, to show that he took it for value, to establish his right to recover. The sole question therefore is, was the plaintiff's testator a holder of the note for value ?

The facts are these : The plaintiff's testator had previously made his note for something more than $2,700, for the benefit of Crossley, which the latter indorsed and used in the purchase of merchandise from parties not interested in this action. When the note became due, the plaintiff's testator received from Crossley the note of the defendants in suit for $2,700, and with its proceeds and a small balance in cash furnished by Crossley, paid and took up the first men-

tioned note. He had thus used the note in suit in payment and discharge of an indebtedness of Crossley, and by that means had extended Crossley's time of payment by the time which the new note had to run. That this was a valuable consideration for the transfer of the new note to him, cannot be questioned. (*Brown* v. *Leavitt*, 31 N. Y., 113; *Grocers' Bank* v. *Penfield*, 69 N. Y., 502.)

We have, then, the plaintiff's testator in the fullest sense a *bona fide* holder of the note in suit, viz., a holder before due, without notice of any equities of the maker, and for value. Such being the case, it was immaterial that the note was an accommodation note, unless it had been diverted from the purpose for which it was obtained. That it was not so diverted, appears from the evidence of the defendant himself. He testifies: "Mr. Crossley told me when I gave him the note, that he wanted to give it to Mr. Callahan. I think he suggested it was to aid Mr. Callahan in taking up some other note." It was, then, an accommodation note used for the purpose for which the maker understood it was to be used, and fraud in obtaining it from him can be no defense as against a holder in good faith and for value.

It seems, then, that there was no question to submit to the jury, and that the expression of opinion of the learned judge, at the circuit, that the plaintiff was entitled to a verdict, was entirely correct, and that his submission to the jury, for greater caution of the question, whether fraud was used in obtaining the note from the defendant, was not required by the law of the case.

The judgment and order appealed from should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.