WILLIAM BOOKHEIM, RESPONDENT, *v.* THOMAS ALEX-ANDER, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Bills and notes — bona fide holder — only a part of the consideration paid in cash and part by a meat bill contracted for cash — credibility of the plaintiff, a sole witness, submitted to the jury.*

Two persons, named Ruso, made a promissory note in the sum of $100, payable to Thomas Alexander, who, before its maturity, transferred it to one Myers for ten dollars. Myers, before its maturity, transferred the note to one Book-heim for twenty dollars, and a credit of eight dollars for meat which he had bought of Bookheim upon an agreement to pay cash therefor.

Bookheim brought an action upon the note against the Rusos and Alexander, in which Alexander answered denying all the allegations of the complaint except the making and delivery of the note. He also alleged that he had borrowed of Myers ten dollars upon the security of the note, and at the same time had, at Myers' request, indorsed it.

He alleged that the note had been wrongfully diverted by Myers.

*Held,* that Bookheim, having taken the note before maturity, was a *bona fide* holder thereof, although part of his payment was in cash and part in a meat bill due to him from Myers and canceled.

That it was, therefore, not error to exclude the testimony of Alexander as to the equities existing between himself and Myers.

That his transfer of the note and its indorsement estopped Alexander from denying its validity as against a *bona fide* holder.

That as the transactions between Bookheim and Myers depended upon the testimony of Bookheim alone, it was error to refuse to submit to the jury the question of his credibility.

APPEAL by the defendant, Thomas Alexander, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 25th day of January, 1892, upon a verdict for the plaintiff for $116.72, after a trial at the Albany Circuit before the court and a jury.

The action was brought upon a promissory note in the sum of $100.

The answer, as a second defense and counter-claim, alleged as follows:

*First.* That said John G. Myers was not at any time a *bona fide* holder for value of said promissory note set forth in the complaint herein, but that said John G. Myers received said note as collateral security for a loan of ten dollars to defendant, Thomas Alexander, with the express understanding that defendant, Thomas Alexander, was to have more money upon it if he desired; and that said note was not to go out of said Myers' possession, and was not to be transferred or used by said Myers without due notification to and the authority of said defendant, Thomas Alexander; and was to be delivered up to said defendant, Thomas Alexander, on payment of the ten dollars or any further sum advanced by said Myers; and that said defendant, Thomas Alexander, has tendered ten dollars, that being the amount due said Myers upon said note, and demanded a return thereof. That said John G. Myers wrongfully diverted said note from the purpose for which it was indorsed to him, and fraudu-

lently misapplied the same by transferring it to the plaintiff herein; and at the time of said transfer to plaintiff there was due and owing to the defendant, Thomas Alexander, from said Myers on said note the sum of ninety dollars and interest from April 8, 1889.

*Second.* Defendant, Thomas Alexander, alleges, upon information and belief, that plaintiff herein is not a *bona fide* holder of the note in suit for a valuable consideration, but received the same with notice of the foregoing facts and without paying any consideration therefor.

*Nathaniel Niles* and *Albert Hessberg*, for the appellant.

*Henry E. Stern* and *Andrew Hamilton*, for the respondent.

MAYHAM, P. J.:

This action was prosecuted upon a promissory note made by John H. Ruso and Harriet L. Ruso, payable to Thomas Alexander, and by him transferred by indorsement before maturity to John G. Myers, who indorsed the same before maturity and transferred it to the plaintiff.

The action is prosecuted against the makers and first indorser of the note. The answer put in issue all of the allegations of the complaint except the execution and delivery of the note. The proof shows that the defendant Alexander indorsed this note and transferred it to John G. Myers, receiving for it at the time ten dollars in money. Myers transferred it to plaintiff for twenty dollars cash, and a credit of eight dollars for meat which he bought of plaintiff on an agreement to pay cash.

The defendant Alexander testified in his own behalf, under objection of the plaintiff, to the transaction between him and Myers at the time he let Myers have the note; that he was boarding at Myers' Hotel and wanted money, and got a loan of ten dollars, and left the note with Myers as security, and at the same time wrote his name on the back of the note at Myers' request. This was before the note became due.

He also testified that he offered to pay Myers the ten dollars he got of him, at the time he let him have the note, and five dollars for the use of it. This evidence was objected to by the plaintiff and stricken out on his motion; and at the conclusion of all of the

evidence the trial judge directed a verdict for the plaintiff for the amount of the note and interest, on which judgment was entered.

The defendant insists that the plaintiff was not a *bona fide* holder of this note for value, and that he, therefore, took this note subject to all the equities existing against it in the hands of Myers; and that as between Myers and Alexander there never was a *bona fide* transfer of the note, but that Myers took it as security for a loan of ten dollars.

Whether this contention is sound depends upon the transaction between the plaintiff and Myers. The legal presumption arising from the transfer is that he took it before maturity and for value. In *Mechanics and Traders' Bank* v. *Crow et al.* (60 N. Y., 87), it was held that the holder of a negotiable promissory note is presumed to be a *bona fide* holder for value, without notice of any defense to the instrument, and proof of want or failure of consideration between the original parties did not change that presumption, or put the holder to proof of the consideration upon which he received the paper. In the same case it was held that when the note was taken by the holder before maturity and paid for in part in cash and the balance in payment of a past-due note of the indorser, the holder became a *bona fide* holder for value (citing *Brown* v. *Leavitt* 31 N. Y., 113; *Pratt* v. *Coman*, 37 id., 440; *Chrysler* v. *Renois*, 43 id., 209; *Weaver* v. *Barden*, 49 id., 286), and holds that a verdict for the plaintiff was properly directed by the court. The points discussed and disposed of in the above cases are applicable to the case at bar. The plaintiff received the note before maturity. He paid cash at the time in part and turned in a cash obligation of the indorser in part payment for the balance.

The plaintiff, within these authorities, being a *bona fide* holder of this note, it was not error to exclude the testimony of the defendant Alexander as to the equities existing between him and Myers, his indorsee. By indorsing the note and putting it in circulation a subsequent holder became entitled to rely implicitly upon such indorsement, and he is estopped from denying the validity of that indorsement, as against an innocent holder of the note, without notice of any equities in favor of the indorsee.

But it is insisted, on the part of the defendant, that all of these facts depend upon the testimony of the plaintiff; and that as there

was no other witness to support the plaintiff's case than himself, the case should for that reason alone have been submitted to the jury, and the refusal of the learned judge to submit it was, for that reason, error, for which the judgment should be set aside.

With the testimony of the defendant out of this case its determination must to a great extent depend upon the credence that attaches to the testimony of the plaintiff. His testimony, with the corroboration only of the possessor of the note and the indorsement of the defendant, established his right of recovery, if that right is established in this action.

It has been repeatedly held that when the plaintiff's right to recover rests solely on his testimony, or when his evidence is a necessary element to a recovery and stands alone, the credit to which he is entitled is a question for the jury. In *Joy* v. *Diefendorf* (40 N. Y. St. Rep., 491) the principal defense relied upon to defeat a recovery was that plaintiff was not a *bona fide* holder of the note, and the only witness on the part of the plaintiff to establish that proposition was the plaintiff's own evidence, and a verdict for the plaintiff, under the direction of the court, was set aside and judgment entered thereon reversed on the ground that the question should have been submitted to the jury.

To the same effect is the case of *Vosburgh* v. *Diefendorf* (119 N. Y., 357), and *Canajoharie National Bank* v. *Diefendorf* (123 id., 191). We think this case comes within the principle of those decisions, and that this case, under proper instructions, should have been submitted to the jury, and that the refusal of the learned judge to submit it on the request of the defendant's counsel was error.

Judgment reversed and a new trial ordered, costs to abide the event.

PUTNAM, J., concurred; HERRICK, J., not acting.

Judgment reversed, new trial ordered, costs to abide event.