(18 Misc. Rep. 381.)

## HYMAN v. AMERICAN ELECTRIC FORGE CO. et al.

(City Court of New York, General Term.   October 30, 1896.)

BILLS AND NOTES—RIGHTS OF BONA FIDE HOLDERS.

A negotiable note given by a corporation to its president to discount, and by him fraudulently transferred before maturity to an innocent purchaser, for less than its face, and by the purchaser used in payment of a debt, is enforceable by the last assignee against the maker to the extent of the price paid by his assignor.

Appeal from trial term.

Action by Samuel Hyman against the American Electric Forge Company, impleaded, on a promissory note.   From a judgment entered on a verdict directed by the court in favor of defendant, plaintiff appeals.   Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

L. Wertheimer, for appellant.

F. Griffin, for respondent.

SCHUCHMAN, J.   This is an appeal from a judgment entered in favor of the defendant, pursuant to the direction of the court on the trial.   The action was brought on a promissory note of $1,000, dated New York, September 30, 1895, payable to the order of George D. Burton four months after the date thereof, and was made by the defendant, a corporation organized under the laws of the state of New Jersey.   The defense alleges a diversion of said note, averring that it was given to the said George D. Burton, who was the president of the defendant, for the purpose of having it discounted.   The evidence shows that the payee, George D. Burton, delivered and indorsed over the said note to one David Pfifer, and that David Pfifer advanced to him $200 and $250, making a total of $450, before maturity of said note, and without any knowledge or notice of the real purpose for which said note was issued and delivered to said Burton.   The evidence further shows that said David Pfifer delivered and indorsed over said note to the plaintiff in this action for an antecedent debt. The evidence thus clearly shows that said David Pfifer, without knowledge or notice of the purpose for which said note was made and issued, parted with value, to wit, $450, upon said note; that, therefore, to that extent, he was a bona fide holder for value, and, in case of an action against the maker of that note, he had a clear right to recover that sum.   Pfifer could transfer to the plaintiff the same right, title, and interest that he had in and to this note, and no more; and the plaintiff in this action succeeded to his title, and could take no less of a title to it.   It is true that the plaintiff in this action is not, technically speaking, a bona fide holder for value; but taking said note, to the extent of $450, from said Pfifer in extinguishment of the indebtedness which was owed by said Pfifer, was a good consideration for the transfer of that note to him, and entitled him to recover from the maker of that note the same amount which said Pfifer could have recovered.

The true rule of law is "that a party will be protected as holder of negotiable paper, although fraudulently transferred, when he has received it before maturity, without notice of the fraud, and in good faith, and parted with something of value for it at the time of its transfer." Coddington v. Bay, 20 Johns. 637; Bank v. Watson, 42 N. Y. 490; Bank v. Noxon, 45 N. Y. 762; Moore v. Ryder, 65 N. Y. 438.

We think that the plaintiff was entitled to recover from the defendant company the sum of $450, and that, therefore, the direction of the court to the jury to find a verdict for the defendant was erroneous; and the judgment should therefore be reversed, with costs to the appellant to abide the event of the action. All concur.