# N. Y. COMMON PLEAS.

THE PHENIX INSURANCE COMPANY, plaintiff and appellant, agt. SIMEON E. CHURCH, defendant and respondent.

*Promissory note — Bona fide holder.*

The spirit and purpose of all the decisions lead to the establishment of the general principle that a *bona fide* holder of negotiable paper fraudulently obtained or diverted, is one who receives it before maturity without notice and parts with value for it.

Receiving a diverted note upon surrendering a past due check of the party from whom it is received is not a parting with value within the rule, because the check is merely evidence of a debt which still remained collectible. The reason stated.

*General Term, June,* 1878.

APPEAL from an order of the New York marine court general term reversing a judgment of the trial term of that court in favor of the plaintiff.

*Rathbun & Tillotson,* for plaintiff and appellant.

*S. E. Church,* defendant and respondent in person.

LARREMORE, *J.* — The defendant gave the note in suit to Worcester without consideration and for a specific purpose; he diverted it and indorsed it in blank to one H. A. Brown, in payment of a previous indebtedness. The firm of which Brown was a member were indebted to one Faunce as agent of the plaintiff in the sum of $606.75 on December 31, 1874. The firm made a payment on account and gave its check for the balance ($527.39) on January 2, 1875. The check was dishonored on its presentation at the bank although frequently

demanded up to March following, when Faunce pressing Brown for a settlement he offered to exchange the defendant's note for the check. Faunce communicated with the plaintiff and subsequently accepted the note and gave up the check. Judgment was rendered for plaintiff in this suit to recover the amount of the note which was reversed at the general term and appeal taken to this court.

There is no doubt that plaintiff took the note without notice of existing equities between the parties to it.

The only question for adjudication is, whether there was a sufficient consideration for the transfer. We are confronted with numerous authorities upon this point from *Roy* agt. *Coddington* ( 20 *J. R.*, 54 ) to *Moore* agt. *Rider* ( 65 *N. Y.*, 438 ) and extending over a period of time from 1822 to 1875.

The spirit and purpose of all these decisions, divested of judicial dicta, lead to the establishment of the general principle that a *bona fide* holder of negotiable paper fraudulently obtained or diverted is one who receives it before maturity without notice and parts with value for it ( *Park Bank* agt. *Watson*, 42 N. Y., 490, *and cases cited and reviewed* ).

It is conceded that the holder of unrestricted negotiable paper, received before maturity in payment for an existing debt due or to grow due, may recover against the maker ( *Brown* agt. *Leavitt*, 31 *N. Y.*, 113 ; *Day* agt. *Saunders*, 1 *Abb. Ct. App. Dec.*, 495 ).

The case at bar is distinguished in this, that plaintiff, at the time it received the note, neither gave nor surrendered any thing of value, the original indebtedness of the firm to the plaintiff of $606.75 existed prior to the giving of the check of $527. 39, which latter was but evidence of a part of the debt. That debt, to the extent of the amount of the dishonored check, has not been paid and, for aught that appears, the firm of H. A. Brown, Pope & Co., is still liable therefor.

The mere credit of the note by plaintiff on account of the firm debt was not final or irrevocable ; no special agreement is

shown that plaintiff surrendered or assigned any right or claim it then had against against the firm.

The note was but additional security for the debt given in exchange for a worthless check. *Moore* agt. *Ryder* ( 65 *N. Y.* 438 ), to my mind, is decisive of this case. The court per judge EARL, holds as follows : " The law enables a *bóna fide* holder of negotiable paper which has been fraudulently obtained, diverted or used to recover thereon only to protect him against loss, upon the principle that when one of two innocent parties must suffer by the fraud or wrong of a third person the one who put it in the power of such third person to commit the fraud or wrong must bear the loss. In case the holder of such paper has not parted with any value or incurred any binding obligation or changed his position to his detriment on the faith thereof he cannot recover thereon against the party defrauded or wronged."

It appearing as a fact found at the trial that the note had been diverted or misapplied, the holder should be held to strict proof that a recovery thereon was necessary to protect plaintiff against loss or that its position had been changed to its detriment on the faith of the note.

In this I think the evidence is insufficient ; the authorities relied upon by the appellant's counsel clearly recognize the distinction between unrestricted and diverted negotiable paper taken in payment of an antecedent debt, for value paid, or as mere security. I think the evidence fails to establish the defendant's liability, and that the order of the general term reversing the judgment should be affirmed with costs.

I concur : C. P. DALY, C. J.