THE JOHN BERGER & SON COMPANY, Plaintiff, *v.* HENRY M. DUYS and Others, as Executors, etc., of JOHN H. DUYS, Deceased, Defendants.

Supreme Court, Westchester County, September 16, 1940.

*Evarts, Choate, Curtin & Leon*, for the plaintiff.

*Cohen, Cole, Weiss & Wharton*, for the defendants.

J. ADDISON YOUNG, Official Referee.   This action is based upon an agreement made by John H. Duys (now deceased) in which said decedent guaranteed payment of certain mortgage bonds by a corporation known as Tegge-Jackman Cigar Co., Inc., which had for itself assumed payment of said bonds in connection with its purchase of certain machinery, equipment, trade names, tobacco and personal property from another corporation known as the N. N. Smith Company, on whose factory properties the mortgage securing said bonds was a lien.   The plaintiff, as owner of the unpaid mortgage bonds, contends that it may recover directly upon decedent's guaranty agreement under the ancient, but still respected, authority of *Lawrence* v. *Fox* (20 N. Y. 268) and subsequent cases recognizing the doctrine thereby established, but it seems apparent that the facts and circumstances in the instant case make it impossible for said doctrine to be held applicable.

It does not appear here that the guaranty of John H. Duys, deceased, was made or intended for the benefit of the plaintiff in this action and that neither its benefit nor the benefit of any holder of the mortgage bonds was the object or an object of the agreement made by said decedent.   Such an object or intent must be at least an incident of the transaction from which the cause of action is claimed to arise.   (*Merrill* v. *Green*, 55 N. Y. 270; *Fosmire* v. *National Surety Co.*, 229 id. 44.)   In the instant case the apparent purpose of the contract of guaranty was to induce the N. N. Smith Company to accept the assumption agreement of Tegge-Jackman Cigar Co., Inc., as a consideration of the sale of the assets to be transferred, and at no time did it appear that the benefit of the bondholders was the object or an object of the decedent John H. Duys in making the guaranty agreement.   The N. N. Smith Company was undoubtedly interested in securing the ulti-

mate removal of the mortgage lien from its factory properties and felt that the assumption of payment of the bond issue secured by said mortgage on the part of Tegge-Jackman Cigar Co., Inc., was substantially reinforced by the guaranty agreement of John H. Duys, deceased.

Furthermore, there does not appear to have been any adoption by the plaintiff of the defendant's guaranty or any change of position on plaintiff's part which would have rendered it inequitable for the decedent John H. Duys to be released from his guaranty as was done by the release agreement of November 16, 1931. At that time the control of the assumption and guaranty agreements remained in the parties thereto and the plaintiff had acquired no rights therein or thereunder. (*Moore* v. *Ryder*, 65 N. Y. 438.)

The complaint must be dismissed, with costs.