INCOME FOUNDATION FUND, INC.,
Plaintiff-Appellant,

v.

C-F-M COMPANY and Loblaw, Inc.,
Defendants-Appellees.

No. 15532.

United States Court of Appeals
Sixth Circuit.

Sept. 21, 1964.

William E. Fowler, Jr., and C. Kenneth Clark, Jr., Youngstown, Ohio (Harrington, Huxley & Smith, Youngstown, Ohio, Thomas J. Donnelly, Houston & Houston, Pittsburgh, Pa., on the brief), for appellant.

Thomas M. Hyndman, Jr., Philadelphia, Pa. (Duane, Morris & Heckscher, Philadelphia, Pa., Arthur L. Dougan, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief), for C-F-M Co.

Ezra K. Bryan, Cleveland, Ohio (John C. Little, Baker, Hostetler & Patterson, Cleveland, Ohio, Irving Innerfield, Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y., on the brief), for Loblaw, Inc.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an action based on federal diversity jurisdiction involving three corporations, each of which is incorporated in and has a principal place of business in a different state.

Plaintiff-appellant—a mutual fund—purchased and now owns debentures of defendant-appellee C-F-M Company of $160,000 face value. Plaintiff-appellant made its purchase of these bonds at discount prices between October 1961 and August 1962 as a result of "inside" advice from two of C-F-M's directors that the debentures were going to be called for redemption.

These debentures, by their terms subordinated to senior debt, are payable in 1976, and as of the time of the filing and trial of this case, were not in default. The trust indenture of the bonds contained a provision for calling them prior to maturity at the option of the issuing company, C-F-M.

The instant suit was filed by plaintiff-appellant to seek to compel C-F-M and Loblaw, Inc., another defendant-appellee,

to effectuate the calling of these bonds forthwith. Plaintiff-appellant's claim is that it is entitled to this equitable relief as a third-party beneficiary under a "contract" between C-F-M and Loblaw whereby the latter undertook to buy certain of the assets of the former.

The "contract" relied upon in this regard was entitled "Purchase Agreement of Loblaw, Century Food Markets Co., and Century Subsidiaries" and was dated May 26, 1961. Essentially the purchase agreement provided for the exchange of approximately 340,000 shares of Loblaw stock for the chain food market business of C-F-M, which assets had a combined book value of $15,583,426.

The agreement further provided under the heading "Collateral Agreements" for Loblaw to guarantee $3 million worth of bank loans for C-F-M with which it would—prior to closing—pay all creditors in such fashion as to be deemed by the contracting parties to avoid compliance with the Ohio Bulk Sales Act, Ohio Revised Code, Sections 1313.53–1313.59.

The relevant item in this agreement from point of view of this litigation was a provision whereby C-F-M undertook to secure a bank loan to be guaranteed by Loblaw as follows:

"21.02 *Source and Method of Payment:*

\*      \*      \*      \*      \*      \*

"(3) Seller shall have arranged prior to closing for a loan at a bank of the Purchaser's choosing in an amount sufficient to retire the principal amount of all Seller's outstanding 6% debentures, and the proceeds of which shall be employed specifically for the aforementioned purpose. Prior to June 7, 1961, Seller shall have made arrangements for the call and retirement of all outstanding debentures with Philadelphia National Bank, which arrangements shall be satisfactory to Purchaser. Purchaser agrees to guaranty this loan on the security of a pledge with it of Loblaw stock in the ratio of 70,000 shares to each

One Million ($1,000,000) Dollars guaranteed."

In fact, C-F-M did not apply for the loan contemplated by this paragraph and did not arrange to call the 6% debentures. As a substitute for these actions, a wholly different arrangement was actually effected by which C-F-M pledged to Loblaw the stock which C-F-M was to receive from Loblaw (at the rate of 70,000 shares per $1,000,000) and Loblaw in turn undertook for two years to guarantee bank loans to C-F-M with which C-F-M could call the debentures. This substitute for the collateral agreement provision previously quoted was executed in writing between Loblaw, C-F-M, and the Marine Trust Co. It was dated June 12, 1961, and further amended July 14, 1961. The ultimate provision agreed upon by the three parties concerned is as follows:

"Paragraph 1(b) is hereby amended to read as follows:

"'1(b) The Borrower agrees with the Guarantor that of the total credit made available hereunder the Borrower (i) will use $921,820 to pay trade and other debts in existence as of June 12, 1961, and (ii) will not use the balance of the credit made available hereunder for any purpose other than to pay the Borrower's 6% Converted Subordinated Debentures dated as of September 1, 1956 and due September 1, 1976 (herein called "Debentures").'"

Thus between May 26, 1961, and July 14, 1961, the original purchase agreement between Loblaw and C-F-M whereby Loblaw would guarantee bank loans and C-F-M would use same to pay off the debentures was altered to one in which Loblaw would guarantee bank loans, a portion of which C-F-M undertook to use for nothing other than the purpose of paying off the debentures.

In fact, C-F-M never saw fit to take advantage of the guarantee as to the portion with which the debentures were to be paid and the two-year period of the guarantee passed without any action.

We deem it significant to note that plaintiff, Income Foundation Fund, Inc., did not own any of the debentures which are the subject matter of this dispute on the dates of any of these transactions. Its purchases were made beginning October 1961 and extending through August 1962. And its purchases were made after a clear statement of the nature of Loblaw's final undertaking at the actual purchase had been served on the trustee for the debentureholders and transmitted by the trustee to the individual debentureholders themselves.

The letter which the latter received advised of Loblaw's guarantee of a $2,078,180 loan which "will be used only for the purpose of redeeming the debentures *if it is determined to call them for redemption.* * * *" (emphasis added) The letter also advised that "It is not presently intended to call the debentures for redemption."

Judge Paul Jones, the United States District Judge before whom this case was tried, dismissed plaintiff's complaint upon the following finding:

"I find, then, that the plaintiff had no enforceable right when it filed its action on June 10, 1963, either under the Purchase Agreement or under the Commitment Agreement. The plaintiff is attempting to have a debt, which by its terms is subordinated to all the other debt of C-F-M, receive preferential treatment at a time when the company is in a difficult financial position. By the terms of the Indenture Agreement, the subordinated debentures are not due until 1976. Substantial evidence was produced at the hearing that if the injunction were granted, C-F-M and its subsidiaries would be forced out of business. The evidence at the hearing indicated to me that any loss which plaintiff might sustain would be due to a wrong business judgment in buying these debentures on a rapidly declining market rather than on the belief they had a legally enforceable right to have the debentures redeemed prior to their maturity date of 1976."

We hold that the "promise" contained in the May 26, 1961, Purchase Agreement, and relied upon by plaintiff in this action, was contingent upon the completion of the purchase of C-F-M assets by Loblaw in accordance with the purchase terms. This contingency did not occur. Prior to the completion of the purchase, the "promise" to redeem was altered to a guarantee by Loblaw of a loan with which C-F-M could redeem if it saw fit to do so. This latter was the only final and binding promise contained in the series of agreements by which Loblaw purchased C-F-M's assets. As to this agreement, plaintiff was only an incidental beneficiary. This promise was clearly not one which was subject to enforcement by plaintiff. Restatement of the Law of Contracts, §§ 133 and 137; Meyers v. Jacham Enterprises, Inc., 225 Md. 86, 169 A.2d 415 (1961); John Berger & Son Co. v. Duys, 174 Misc. 976, 22 N.Y.S. 2d 470 (Sup.Ct.1940), aff'd, 261 App.Div. 961, 26 N.Y.S.2d 503 (1941).

Affirmed.