OPINION OF THE COURT
Penny M. Wolfgang, J.
The above-named defendants have appealed to the Erie County Court from a judgment of the City Court of Buffalo (McCarthy, J.) which granted summary judgment to the plaintiff-respondent.
The initial proceedings were commenced when plaintiff served a summons and complaint alleging a breach of contract for insurance proceeds. The complaint alleged that the plaintiff, through her employer, had contracted with defendants to provide payment in the form of reimbursement for the cost of private-duty nurses, provided that the attending physician certified as to the necessity for such care. In the instant matter, although the attending physician so certified, defendants refused payment on the ground that a July, 1980 amendment to the contract provided that the defendants would make the decision as to the necessity of private-duty nursing care for the purpose of determining coverage.
*342 Plaintiff moved for summary judgment claiming that all contractual obligations, exclusive of the rider limitation, had been met. Plaintiff further claimed that the rider limitation was void inasmuch as she did not consent to it and that no notice of the rider limitation had been received by her. The trial court granted the relief requested (see Weissman v Blue Cross, 116 Misc 2d 1063) after finding that the contract indorsement was unconscionable and therefore unenforceable.
Subsequent to the submission of briefs in the instant appeal, the Supreme Courts of Erie County (Moore v Blue Cross) and Nassau County (Zuckerherg v Blue Cross & Blue Shield, 119 Misc 2d 834) have considered similar situations. In Moore, an action pending before the Supreme Court of Erie County, plaintiff sought reimbursement for private-duty nursing services under the same rider at issue herein. Plaintiff moved for summary judgment. The Honorable Theodore S. Kasler denied plaintiff’s motion stating in part: “It is clear from reading the applicable statutory law (Insurance Law, §§ 162, subd. 1, par (a) and 221; 11 NYCRR 52.18, subd. (g) and the basic insurance policy wherein Article XII reserves for defendants the right to amend the policy, that defendants properly amended the policy with the 1980 Rider which was signed by defendants’ officers and approved by the Superintendent of Insurance, and which is attached to defendants papers. Accordingly, the Court neither follows nor gives collateral estoppel effect to the Buffalo City Court decision entitled Weissman v Blue Cross of Western New York (116 Misc 2d 1063) as requested by plaintiff, which, in sum, would have third party beneficiaries consent in writing to any changes in the policy, regardless of their not being the employer policyholder. A fair reading of the aforementioned statutes does not mandate this result.”
This court agrees with the finding of Justice Kasler as concerns the enforceability of the contract indorsement.
After so holding, the remaining question to be determined on this appeal is whether or not issues of fact exist which would require a trial and thereby defeat a motion for summary judgment.
The function of a court upon a motion for summary judgment is issue finding, not issue determination and, to grant summary judgment, it must clearly appear that there are no material issues of fact (see Goodman v Goodman, 62 AD2d 939).
In the instant matter, there exist several triable issues of fact, any one of which should have precluded summary judgment. These include the question as to whether plaintiff received *343 proper notice of the indorsement amending private-duty nursing coverage, whether such private-duty nursing care was necessary and whether such care was in fact provided.
Accordingly, based upon the above, the judgment below granting summary judgment is reversed, and the matter is remitted to Buffalo City Court for further proceedings in accordance with this decision.